# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHDU SAMEER,<br><br>    Plaintiff<br><br>    v.<br><br>RIGHT MOVES 4 U,<br>MICHELLE FRANKLIN,<br>DYLAN CORTINA,<br>XO MOVING SYSTEMS,<br>CONROY REMOVALS,<br>FIONA CONTROY,<br>MONICA MCKINLEY,<br>TALBOT UNDERWRITING LTD,<br>SHIPCO TRANSPORT, and<br>DOES 1 thru 48,<br><br>    Defendants | CASE NO. 1:17-CV-886 AWI-EPG<br><br>**ORDER ON PLAINTIFF'S "REQUEST FOR TEMPORARY ORDERS"**<br><br>(Doc. No. 59) |

    Mahdu Sameer, appearing *pro se*, has alleged multiple causes of action against multiple Defendants arising from a dispute over the failure to deliver her personal possessions from her former residence in Fresno, CA to her current residence in New Zealand. Sameer has alleged, among other things, that the Defendants have conspired to convert over $300,000 of her property.

    In her 106-page "Request for Temporary Orders," Sameer alleges that Defendant Conroy Removals, conspiring with other Defendants in this case, have used the adjudicative processes of the New Zealand court system to obtain a judgment against her "through fraud, perjury and false representation." Sameer then alleges Conroy Removals "filed a notice of bankruptcy against me" in New Zealand, seeking possession of the goods they allegedly have retained; a hearing in this latter action is, as alleged, scheduled for March 26th, 2018 in a New Zealand tribunal.

Sameer then requests this Court "make a finding that the orders of the [New Zealand] court were acquired through fraud, deceit, forgery/fabrication of evidence," and also "declare the [New Zealand Judgments] null and void . . . ." However, Sameer cites to no authority under which the Court would be able to grant such orders, and so Sameer's request is denied.

Sameer also requests the Court "order Conroy Removals to release my goods pending payment/resolution of the case," and "order defendant Talbot to have the damage assessed." Again, however, Sameer offers no authority under which the Court might grant her request at this time, and so her request is denied.[1]

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's "Request for Temporary Orders" is DENIED; and
2. The remainder of this case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  January 29, 2018

_____
SENIOR DISTRICT JUDGE

---

[1] The Court is aware of Plaintiff's status as a *pro se* litigant, and takes seriously its duty to construe *pro se* pleadings and motions liberally. *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). However, the Court reminds Plaintiff that "[a]ny individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these [Local] Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing [*pro se*]." *See* L.R. 183. Thus, for future filings requesting substantive relief, Plaintiff's motions should be supported by citation to the relevant rules—both federal and local—as well as any relevant case law, if applicable. *See, e.g.,* Fed. R. Civ. P. 7(b)(1)(B).