# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHDU SAMEER,<br><br>    Plaintiff<br><br>v.<br><br>RIGHT MOVES 4 U,<br>MICHELLE FRANKLIN,<br>DYLAN CORTINA,<br>XO MOVING SYSTEMS,<br>CONROY REMOVALS,<br>FIONA CONTROY,<br>MONICA MCKINLEY,<br>TALBOT UNDERWRITING LTD,<br>SHIPCO TRANSPORT, and<br>DOES 1 thru 48,<br><br>    Defendants | CASE NO. 1:17-CV-886 AWI-EPG<br><br>ORDER ON DEFENDANT SHIPCO'S MOTION TO DISMISS UNDER RULES 12(B)(4) AND 12(B)(5)<br><br>(Doc. 38) |

Mahdu Sameer, appearing *pro se*, has alleged multiple causes of action against multiple Defendants arising from a dispute over the failure to deliver her personal possessions from her former residence in Fresno, CA to her current residence in New Zealand. Sameer has alleged that Shipco participated in a conspiratorial scheme to defraud Sameer of over $300,000 of her personal property. *See, generally,* Plaintiff's Second Amended Complaint ("SAC"), Doc. No. 13.

On November 22nd, a summons was issued to "Shipco Transport, Inc." *See* Doc. No. 17. Shipco received a summons packet on December 7th. *See* Doc. No's. 39, 54. Shipco entered its limited appearance requesting dismissal of all claims under Rule 12(b)(4) and 12(b)(5) because Sameer's summons was not directed to Shipco and was not sent with a copy of the complaint.

For the reasons that follow, the defective process will be quashed.

*Defendant's Argument*

Shipco contends that Sameer "has not met her burden of establishing that she has fulfilled her obligation of serving a proper summons sufficient to bring Shipco within this Court's jurisdiction . . . ." Shipco avers that, in order to properly invoke the Court's jurisdiction as to a particular defendant, "a summons *directed to such defendant* must be served *with* a copy of the complaint [under] Rule 4(c)(1)." Shipco attests the summons package served upon it makes no reference to Shipco whatsoever, but instead was directed to Talbot Insurance Agency, the Right Move 4 U, and XO Moving Systems, Inc., three other defendants in this case. *See* Doc. No. 39, Crowder Decl. at Ex. 1. Further, Shipco notes the package only contained portions of the SAC, as well as a few other documents. *See id.* Therefore, Shipco contends the summons is legally defective, and so the company has no obligation to undertake any particular action at this time in this case.

*Plaintiff's Responses*

Sameer did not formally respond to Shipco,[1] but argues in her Request for Extension of Time to Re-Serve Defendants "[t]here seems to be no reason why these would not have been served." *See* Doc. No. 45. Sameer then stated her intent to re-serve Shipco, and e-filed a Certificate of Service and Request for Waiver of Service containing, among other things, the SAC. *See* Doc. No. 50.

---

[1] Shipco contends Plaintiff has not followed the strictures of this Court's local rules. *See* Decl. of Robert S. Crowder in Support of Motion to Dismiss (Doc. 61). Specifically, Shipco maintains Plaintiff failed to serve it with any opposition (or non-opposition) to its Motion to Dismiss, in violation of Local Rule 78-230(c), which requires a filing "in writing" and served "not less than fourteen days preceding the hearing date." Plaintiff has been given permission to e-file in this case, and while she did not include a certificate of service or otherwise address her arguments to Shipco in her Request for Extension of Time (Doc. 45), Shipco was aware of Plaintiff's arguments and is therefore not prejudiced by Plaintiff's failure to follow Local Rule 230. *See Hamilton v. Willms*, 2005 U.S. Dist. LEXIS 31629, *24 (E.D. Cal. Nov 22, 2005). Further, even assuming *arguendo* Plaintiff violated the Court's Local Rules, the remedy for failing to follow Rule 230 is that the party is not "entitled to be heard in opposition to a motion at oral arguments." *See* Rule 230. The Court has taken Shipco's motion to dismiss under submission without a hearing, and so no oral argument will be held.
As for Plaintiff, the Court is aware that Plaintiff is acting *pro se*, and takes seriously its duty to construe *pro se* pleadings and motions liberally. *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). However, Plaintiff is also cautioned to observe the Local Rules of this Court for future filings, so as not to potentially prejudice other parties and risk sanction. *See* L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these [Local] Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing [*pro se*]."); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 2005) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

*Analysis*

A federal court does not have personal jurisdiction over a defendant unless the defendant has been served properly. Fed. R. Civ. P. 4. While Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint, *United Food & Commercial Workers Union v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir. 1984), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with Rule 4. *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986).

Both Rule 12(b)(4) and Rule 12(b)(5) of the Federal Rules of Civil Procedure allow a motion to dismiss for insufficiency of process or insufficiency of service of process. Rule 12(b)(4) was designed to challenge irregularities in the contents of a summons. *Chilicky v. Schweiker,* 796 F.2d 1131, 1136 (1986), *reversed on other grounds by* 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988); *see also Xie v. Sklover & Co., LLC*, 260 F. Supp. 3d 30, 38 (D.D.C. 2017). Conversely, Rule 12(b)(5) permits a defendant to challenge the method of service attempted by the plaintiff. *Id*. Any objection to insufficiency of process or its service should point out specifically in what manner the plaintiff has failed to satisfy the requirements of the service provision that was utilized. *Id*.

Where service of process is insufficient, the court has broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). Once service is challenged, a plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

In *Hernandez v. AT&T Servs.*, the plaintiff attempted to serve the defendant via a process server, but the facts indicated the service was defective under Rule 4. 2015 U.S. Dist. LEXIS 96766 (M.D. Fla. June 16, 2015). Among other arguments, the defendant contended that since plaintiff's summons failed to include a copy of the complaint, as required by Rule 4, the court should dismiss it from the action. *Id*. at *4. The court found that, though it had the power to do so, dismissal is only warranted "when there is no 'reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly,' or when the defendant makes some showing of

prejudice due to improper service." *Id*. (quoting 5B Wright & Miller, Federal Practice & Procedure § 1354 (3d Ed.)); *see also Reinhold v. Tisdale*, 2007 U.S. Dist. LEXIS 56938 (D.S.C. Apr. 30, 2007) ("Ordinarily, dismissal is proper when there is prejudice to the defendant or where proper service is unlikely to be accomplished. When there is no prejudice and service can be accomplished, courts generally will quash the insufficient service and allow a plaintiff to perfect service."). Additionally, since the plaintiff was proceeding *pro se* and had made "two good faith attempts to have process served," dismissal was not warranted. *Id*. at *12 (citing *Stewart v. Virginia Commonwealth Univ.*, 2011 U.S. Dist. LEXIS 51016 (E.D. Va. May 12, 2011) (refusing to dismiss based on failure to serve, where plaintiff was proceeding pro se and made good faith attempts to effect service of process, and defendant had actual notice of the suit). Instead, the court merely quashed the defective service and allowed for future service of process. *Id*.

Here, Sameer appears to have followed the correct procedures for serving a defendant, having served Shipco at the location of its registered agent, and has filed with this court the affidavit of the process server indicating the summons, original complaint and SAC were delivered to Shipco. However, Shipco has argued—and demonstrated—that the documents delivered were in fact not those required under Rule 4(a) (requiring the summons to be directed to the defendant) and Rule 4(c)(1) (requiring the summons to be served with a copy of the complaint). The summons included in the packet makes no reference to Shipco, but instead was directed to Talbot Insurance Agency, the Right Move 4 U, and XO Moving Systems, Inc., three other defendants in this case. *See* Doc. No. 39, Crowder Decl. at Ex. 1. Further, Shipco notes the package only contained portions of the SAC, as well as a few other documents. *See id*.

Sameer has responded by stating she "received confirmation that all documents were served appropriately," and that "[t]here seems to be no reason why these would not have been served." *See* Doc. No. 45.; *see also id.* at Ex. 3 (email confirmation from process server confirming service with Shipco's authorized representative); *see* Doc. No. 54 (confirming delivery of summons, original complaint with complaint form, SAC, and five other documents). However, Sameer has otherwise failed to rebut the arguments and documents submitted by Shipco evidencing insufficient process. *See* Doc. No. 45. Instead, Sameer asserts:

4

> [T]o expedite the process, and make everything simpler, I have informed the opposing counsel that I will be mailing a second set of documents to [Shipco] as soon as New Zealand opens for business after New Year [on] Jan 8, 2018. I will personally ensure that on 9th January, 2018, two copies of all the [relevant] documents . . . are couriered to a) Authorised representative of Shipco and b) Opposing Counsel (sic)."

*See id*. Sameer then requests additional time to serve Shipco, and has e-filed a Certificate of Service and Request for Waiver addressed to Shipco and containing the currently-operative SAC. *See* Doc. No. 50. As of the filing of this Order, no record exists demonstrating this document has been served on Shipco.

Sameer has failed to rebut Shipco's argument as to the insufficiency of process, therefore the Court deems Sameer's original service documents (Doc. No's. 17 and 54) defective under Rule 4(a) and 4(c)(1). However, since Sameer appears to be making a good faith attempt to re-serve Shipco, and Shipco will not be prejudiced, the Court will exercise its broad discretion and simply quash the defective process. *See Issaquah Sch. Dist.*, 470 F.3d at 1293; *Hernandez*, 2015 U.S. Dist. LEXIS 96766 at *12.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Shipco's motion to dismiss (Doc. 38) is GRANTED in part, in that the Court quashes the defective process—Doc. No. 17;
2. Plaintiff is granted 90 days from the date of the filing of this Order to serve Defendant Shipco under Rule 4(m); and
3. The remainder of this case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   January 29, 2018                              _____
                                                                         SENIOR DISTRICT JUDGE