UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHDU SAMEER,<br><br>    Plaintiff<br><br>v.<br><br>RIGHT MOVES 4 U,<br>MICHELLE FRANKLIN,<br>DYLAN CORTINA,<br>XO MOVING SYSTEMS,<br>CONROY REMOVALS,<br>FIONA CONTROY,<br>MONICA MCKINLEY,<br>TALBOT UNDERWRITING LTD,<br>SHIPCO TRANSPORT, and<br>DOES 1 thru 48,<br><br>    Defendants | CASE NO. 1:17-CV-886 AWI-EPG<br><br>ORDER ON DEFENDANT TALBOT INSURANCE AGENCY'S MOTION TO DISMISS AS AN IMPROPER PARTY UNDER RULE 12(B)(2)<br><br>(Doc. No. 19) |

    Mahdu Sameer, appearing *pro se*, has alleged multiple causes of action against multiple Defendants arising from a dispute over the failure to deliver her personal possessions from her former residence in Fresno, CA to her current residence in New Zealand. Sameer has alleged, *inter alia*, Talbot Insurance Agency ("Talbot Insurance") failed to pay on a policy issued to her by the insurer. Sameer served Talbot Insurance at its Massachusetts office. *See* Doc. No. 15.

    Talbot Insurance now moves to dismiss all claims against it, contending Sameer has served the wrong party and as such has not subjected it to the jurisdiction of the Court, and also that Sameer has not stated a claim against Talbot Insurance for which relief may be granted. The company contends Sameer has no policy with Talbot Insurance, which only issues insurance policies in Massachusetts, New Hampshire and Maine. *See* Doc. No. 19-3.

In her subsequent filings, Sameer appears to admit that the wrong party has been served. Sameer has not formally responded to Talbot Insurance's Motion to Dismiss. Instead, Sameer has unsuccessfully attempted to serve multiple other insurance companies named "Talbot," as well as subsidiaries of Lloyd's of London. *See* Doc. No's. 41, 51, and 56. Talbot Insurance contends it has no connection with these entities. *See* Doc. No. 42. Most recently, Sameer moved to continue her March 2018 status conference in order to serve the proper party. *See* Doc. No. 60. Therein, Sameer has attached a copy of an email from Marine Underwriters, a subsidiary of Lloyd's, who has pointed out that Sameer's insurance contract is with Talbot Underwriting Risk Services ("TURS"). *See id*. at Ex. 1. Purportedly, TURS may be served via any senior partner of the firm Mendes & Mount, located in New York City, NY. *See id*. Plaintiff has requested a "[n]ew Summons be issued in the name of [TURS]" as well as additional time to "properly serve the defendant [TURS] latest by Mid March 2018." *See id*. The Court takes these assertions by Sameer that Talbot is not the proper party.

Given the lack of formal response from Sameer, and based on the apparent agreement of Sameer and Talbot Insurance, there is no opposition to Talbot Insurance's Motion to Dismiss. Therefore, Talbot Insurance will be dismissed from this action.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' 12(b)(2) motion to dismiss (Doc. 19) is GRANTED;
2. Defendant Talbot Insurance Agency, Inc. is dismissed from this case; and
3. The remainder of this case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: January 29, 2018

_____
SENIOR DISTRICT JUDGE