# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHDU SAMEER,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>RIGHT MOVES 4 U, MICHELLE FRANKLIN, DYLAN CORTINA, XO MOVING SYSTEMS, CONROY REMOVALS, FIONA CONROY, MONICA MCKINLEY, TALBOT UNDERWRITING LTD, SHIPCO TRANSPORT, and DOES 1 thru 48,<br><br>　　　　Defendants | CASE NO. 1:17-CV-886 AWI-EPG<br><br>ORDER ON TALBOT UNDERWRITING LTD.'S MOTION TO DISMISS FOR FAILURE TO NAME PROPER PARTY<br><br>ORDER ON DEFENDANT SHIPCO'S MOTION TO DISMISS UNDER RULE 12(B)(6) OR, ALTERNATIVELY FOR A MORE DEFINITE STATEMENT UNDER RULE 12(E)<br><br>ORDER ON PLAINTIFF'S MOTIONS<br><br>(Doc. No.'s 45, 58, 68, 69, 73, 79, 80, 84) |

Mahdu Sameer, appearing *pro se*, has alleged multiple causes of action against multiple Defendants arising from a dispute over the failure to deliver her personal possessions from her former residence in Fresno, CA to her current residence in New Zealand. Pertinent to this Order:

I. Plaintiff has alleged Talbot Underwriting, Ltd. ("Talbot Underwriting") failed to pay on an insurance policy related to this occurrence. Talbot Underwriting has filed a motion to dismiss all claims against it, contending Plaintiff has served the wrong party, as she has no policy with Talbot Underwriting; as such Plaintiff's process and/or service of process is insufficient.

II. Plaintiff has alleged her possessions had arrived in New Zealand "via Shipco Transport, NZ" ("Shipco"), and therefore avers the company was "engaged in a conspiracy to obtain my goods." Shipco has filed a motion to dismiss under Rule 8 or Rule 12(b)(6), or alternatively requests that Plaintiff be required to file a more definite statement pursuant to Rule 12(e).

For the reasons that follow, these motions will be granted. Plaintiff has requested, *inter alia*, leave to file a third amended complaint, which the Court will grant pursuant to the discussion below.

**I.     Talbot Underwriting's Motion to Dismiss as Wrong Party (Doc. No. 68)**

Plaintiff has alleged that Talbot Underwriting is the insurance company who "refused to honor the insurance contract" and who has "refus[ed] to pay for the theft/conversion of my goods by [Conroy Removals] and RM4U." *See* Second Amended Complaint ("2AC"), at ¶ 41. Throughout the 2AC, Plaintiff the alleges that Talbot Underwriting is a member of a "cabal" with the other Defendants, and names Talbot Underwriting as a defendant in a number of her claims.

Plaintiff requested a waiver of service from Talbot Underwriting at its London office, providing to them a number of documents purportedly supporting her claim against her insurer. Talbot Underwriting now moves to dismiss all claims against it, contending Plaintiff has served the wrong party—as she has no policy with Talbot Underwriting—and as such Plaintiff's process and/or service of process is insufficient.

*Analysis*

This is the second time an entity named Talbot has lodged a motion to dismiss all claims against them in this case because it is not Plaintiff's insurer. *See* Order on Defendant Talbot Insurance Agency's Motion to Dismiss as Improper Party, Jan. 29, 2018. In resolving the instant motion, the Court notes in particular the contents of an email sent from Talbot Underwriting to Plaintiff, attached to the motion to dismiss, indicating Plaintiff's insurance contract is held by Talbot Underwriting Risk Services, Ltd. ("TURS"). *See* Attachment #1 to Motion to Dismiss by Talbot Underwriting, Feb. 20, 2018, at p. 115 (Ex. 5). According to the insurance certificate contained in Plaintiff's request for waiver of service (as described by Talbot Underwriting), TURS may be served via any senior partner of the firm Mendes & Mount, located in New York City, NY. *See id*. Additionally, Talbot Underwriting has filed an affidavit stating it has no affiliation with any of the Talbot entities named in Plaintiff's 2AC. *See id.*, at p. 2, ¶ 8.

Throughout numerous filings, Plaintiff appears to admit that the wrong entity has been served. In a filing that precedes Talbot Underwriting's motion to dismiss, Plaintiff has requested a "[n]ew Summons be issued in the name of [TURS]" as well as additional time to "properly serve the defendant [TURS]." *See* Plaintiff's Request for Continuation of Status Conference, Jan. 19, 2018. Further, Plaintiff now seeks permission to file a third amended complaint, stating "[t]he

[3AC] has been necessitated because the name of the party representing insurance provider is wrong, and the clerk would not issue summons with new name unless the name on the complaint was amended. The correct name on the complaint should be TALBOT UNDERWRITING RISK SERVICES, instead of TALBOT UNDERWRITING LTD." *See* Motion to Amend, March 13, 2018; *see also* Opposition to Talbot Underwriting Motion to Dismiss, March 13, 2018, at p. 7 ("TALBOT entities that I have attempted to serve may not be the company that needed to be served.").

Given the apparent agreement of Plaintiff and Talbot Underwriting, and Plaintiff's intent to amend her complaint to name the proper party, the Court finds Talbot Underwriting's motion to dismiss unopposed. Therefore, Talbot Underwriters will be dismissed from this case. Upon amendment (as granted by this Order, described in more detail below), Plaintiff should endeavor to name and serve the proper party, as apparently indicated on her insurance certificate.

**II.     Shipco's Motions on Rule 8, Rule 12(b)(6), and Rule 12(e) (Doc. No. 69)**

The core of Plaintiff's complaint appears to concern the failure of two Defendant entities to deliver her personal property from Fresno, California to her residence in New Zealand. To that end, Plaintiff has lodged a 110-page complaint alleging 32 claims, many of which include multiple sub-claims, for violations of California state law and the Racketeer Influenced and Corrupt Organizations Act. *See, generally,* Plaintiff's 2AC.

Defendant Shipco has requested it be dismissed for failing to state a claim on which relief might be granted, noting that Plaintiff only makes 4 factual allegations against it in the 2AC—and within those paragraphs Plaintiff all but admits she has "little knowledge of [Shipco's] actual role." Shipco has also requested dismissal of the 2AC in its entirety for failing to comply with Rule 8, which requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Alternatively, Shipco has motioned for a more definite statement under Rule 12(e), contending the 2AC "is so vague or ambiguous" that it cannot reasonably prepare a response. Plaintiff generally opposes Shipco's motion.

The Court will dismiss Plaintiffs 2AC for violating Rule 8's "short and plain statement" rule, as discussed below.

*Legal Standard*

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Bautista v. L.A. Cty.*, 216 F.3d 837, 841 (9th Cir. 2000).

Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff's complaint must contain enough facts to "state a claim to relief that is plausible on its face," allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that consist "largely of immaterial background information" are subject to dismissal under Rule 8. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). A complaint may be dismissed for violating Rule 8 even if "a few possible claims" can be identified and the complaint is not "wholly without merit." *Id*. at 1179 (stating Rule 8's requirements apply "to good claims as well as bad"). Complaints that fail to comply with Rule 8 "impose unfair burdens on litigants and judges" who "cannot use [such] complaint[s]" and "must prepare outlines to determine who is being sued for what." *Id*. at 1179–80.

If the court finds the complaint should be dismissed, it has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126–30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected. *Id*. at 1130–31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1107–11; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009).

*Analysis*

*A. Rule 8*

Plaintiff's Second Amended Complaint fails to comply with Rule 8. The 110-page 2AC contains 32 causes of action, as read from the section headers. 24 of these main headings allege RICO violations, many of which are lodged against "all Defendants," and most of which contain multiple subsections apparently alleging additional RICO claims. In a RICO action, a plaintiff must allege the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017); 18 U.S.C. § 1962. An "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). A "pattern" requires the commission of at least two acts of "racketeering activity" within a ten-year period. 18 U.S.C. § 1961(5). Racketeering activities are also known as "predicate acts" under 18 U.S.C. § 1961. *Eller v. EquiTrust Life Ins. Co.*, 778 F.3d 1089, 1092 (9th Cir. 2015); *see also United States v. Turkette*, 452 U.S. 576, 582 (1981) ("The enterprise is an entity[.] The pattern of racketeering activity is, on the other hand, a series of criminal acts as defined by the statute."). Plaintiff does list nine predicate acts under federal law, in a section preceding her "causes of action," but then fails to mention these in most of her 22 RICO causes of action, instead citing back to, *inter alia*, the general RICO statute, other federal laws (sometimes completely irrelevant to her cause of action), California state law and various Restatements of the Law. Many of Plaintiff's claims appear duplicative, and though Plaintiff includes almost 300 paragraphs of factual allegations, it is near impossible to connect these facts to the elements of Plaintiff's claims.

The remaining eight "causes of action" appear to be styled as alleged violations of California common law: breach of contract, breach of duty of care, breach of fiduciary duty/conspiracy, equitable/promissory estoppel, unjust enrichment, negligent misrepresentation, intentional misrepresentation, and "unfair competition." Many of these sections, however, also have multiple sub-claims, each of which cites to various sources of law seemingly unrelated to the designated claim—some cite to the Restatements, some to wholly irrelevant statutes (i.e. 29

U.S.C. 1109, governing fiduciary duties for employee benefits), and many cite back to the RICO statute, leaving the Court with the impression that Plaintiff is attempting to use California common law as a predicate offenses for additional RICO claims.[1]

Ultimately, the 2AC's incomprehensibility prevents this Court (and Defendants) from deciphering the factual and legal basis for each defendant's alleged liability.[2] *See Cafasso*, 637 F.3d at 1059 (dismissing under rule 8 because plaintiff's lengthy pleading would be overly burdensome); *see also Clayburn*, 2008 WL 564958, at *4 ("The court and any defendant should be able to read and understand Plaintiff's pleading within minutes."). Unclear pleadings such as the 2AC "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based." *Little v. Baca*, 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013). Hence, the 2AC must be dismissed. *See Stone v. Baum*, 409 F.Supp.2d 1164, 1173 (D. Az. Dec. 20, 2005) (dismissing under Rule 8 where complaint was 64 pages long, contained 265 predicate acts, plaintiffs made no attempt to link alleged violations to defendants, and complaint alleged violations in conclusory and vague fashion so that defendants could not discern conduct in question); *see also Cafasso*, 637 F.3d at 1059 ("Rule 8(a) has 'been held to be violated by a pleading that is needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'") (quoting 5 Federal Practice & Procedure § 1217 (3d ed. 2010)).

/ / /

/ / /

---

[1] For further information, *see Miles v. Deutsche Bank Nat'l Tr. Co.*, 236 Cal. App. 4th 394, 402 (Cal. Ct. App. 2015); *Tribeca Companies, LLC v. First Am. Title Ins. Co*., 239 Cal. App. 4th 1088, 1114 (Cal. Ct. App. 2015); *Aceves v. U.S. Bank*, 192 Cal. App. 4th 218, 225 (Cal. Ct. App. 2011); *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (Cal. Ct. App. 2008); *Chapman v. Skype Inc.,* 220 Cal. App. 4th 217, 230–231 (Cal. Ct. App. 2013); *Bock v. Hansen,* 225 Cal. App. 4th 215, 231 (Cal. Ct. App. 2014); *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1003 (N.D. Cal. 2009); and Fed. R. Civ. P. Rule 9(b).

[2] The Court is cognizant of Plaintiff's attempts to provide more information about her allegations concerning Shipco, as detailed in her Opposition to Shipco's Motion to Dismiss. The Court, however, cannot consider such factual allegations for this motion to dismiss. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice.") (quoting Schneider v. Cal. Dep't. of Corr., 151 F.3d 1194, 1197 n. 1 (9th Cir.1998)).

### B. *Plaintiff will be granted leave to file a third amended complaint*

Plaintiff has twice filed requests to file a Third Amended Complaint ("3AC"), and has also stated her desire to do so in her replies to Shipco's motion to dismiss. Plaintiff contends amendment is needed to correct the name of the insurance company (to "Talbot Underwriting Risk Services"), to add additional facts concerning Shipco's involvement in the "cabal," as well as to add three new defendants. Shipco opposes Plaintiff's motion, contending any dismissal of Plaintiff's case should be with prejudice, as amendment is sought in bad faith, would be an exercise in futility, would create undue delay, and would cause Shipco undue prejudice.

"Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within certain time limits, or, in all other instances, with the court's leave." *Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013). "Leave to amend should be granted if it appears at all *possible* that the plaintiff can correct the defect." *Id*. (emphasis in original) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988)). "The 'rule favoring liberality in amendments to pleadings is particularly important for the *pro se* litigant. Presumably unskilled in the law, the *pro se* litigant is far more prone to make errors in pleading than the person who benefits from the representation of counsel.'" Id. at 978 (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). For instance, in *Bautista* the Ninth Circuit found the district court justifiably dismissed the plaintiff's complaint under Rule 8, but abused its discretion when it failed to provide an opportunity to amend without considering whether the case was causing undue delay, docket congestion, or risk of prejudice. 216 F.3d at 841.

Here, the Court will be dismissing Plaintiff's 2AC for violating Rule 8's "short and plain statement" requirement. Though Plaintiff has amended twice before, this Order (occasioned by Shipco's motion to dismiss) represents the first time Plaintiff's claims have been tested under Rule 8.[3] Plaintiff has stated that she intends to add additional information concerning Shipco, and has in the past stated that her purpose in amending is to offer clarity to her complaint. Thus, to grant dismissal with prejudice at this point would be a harsh remedy.

---

[3] Plaintiff filed a complaint in July of 2017 and amended within 21 days, as was her right. Plaintiff was then granted permission by the Magistrate Judge to file the 2AC in October of 2017, where the Plaintiff deigned to add additional Defendants and additional claims based on information that had come to light between her initial filings and the 2AC.

7

However, the Court is also concerned that, with each amendment thus far, Plaintiff's complaint has grown to the point where it now stands: as one worthy of dismissal under Rule 8. Continued expansion of the complaint without regard to Rule 8's "short and plain statement" requirement would be viewed as prejudicial not only to the Court's docket and to Shipco, but to all Defendants, especially given that Plaintiff intends to add additional parties to her RICO allegations. Unless Plaintiff is able to clarify her allegations in the third amended complaint, this would demonstrate to the Court the futility of additional future amendment, and go towards a showing of prejudice to defendants and interference with judicial process. *See McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) (affirming district court's dismissal with prejudice under Rule 41(b) due to plaintiff's violation of general pleading rules and court's prior orders requiring short, clear statement of claims sufficient to allow defendants to prepare responsive pleading, where 53-page third amended complaint was written more as a press release and failed to obey court's prior orders to identify which defendants were liable on which claims).

Thus, the Court grants Plaintiff's motion to amend to the 3AC with the command that she must comply with the Rules of Civil Procedure, most importantly Rule 8(a)'s requirement of a "short and plain" statement of the claim and the facts showing that Plaintiff is entitled to relief. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (Although the court must construe pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants."). Plaintiff shall specifically identify the legal and factual basis for each cause of action. Further, she shall identify which causes of action are brought against which defendants, and provide a specific statement of how each named defendant is involved in the facts giving rise to that cause of action. Any claims based on allegations of fraud must be pled with particularity. *See* Fed. R. Civ. P. 9(b). Plaintiff shall also comply with the Court's local rules, in particular L.R. 130(c). Failure to comply with these commands may result in additional sanctions, including *sua sponte* dismissal of the action without further comment or, potentially, dismissal of the action *with prejudice*. *See Bautista*, 216 F.3d at 841; *see also Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b)."); *Wright v. United States*, 2015 WL

3902798, at *1 (N.D. Cal. June 24, 2015), aff'd (Dec. 8, 2015) (dismissing *sua sponte* after the plaintiff failed to assuage the court's concerns regarding the complaint's failure to follow Rule 8).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Talbot Underwriting, Ltd.'s motion to dismiss (Doc. No. 68) is GRANTED, and Talbot Underwriting Ltd. is dismissed from this case with prejudice;
2. Shipco's motion to dismiss (Doc. No. 69) is GRANTED without prejudice;
3. Plaintiff's motion to file a third amended complaint (Doc. No. 73) is GRANTED;
4. Plaintiff shall be confined to a page limit of 50 pages for her third amended complaint;
5. Plaintiff's third amended complaint shall be due by May 11, 2018, and failure to file by this date will result in leave to amend being withdrawn and in closure of this case;
6. Plaintiff's motion to strike (Doc. No. 79) and corresponding request to exceed page limit (Doc. No. 80) are DENIED;
7. Plaintiff's request for extension of time to re-serve Defendants (Doc. No. 45), Plaintiff's first motion to amend to a third amended complaint (Doc. No. 58), and Plaintiff's request for continuation of hearing on the motion to amend (Doc. No. 84) are DENIED as moot; and
8. The remainder of this case, including Plaintiff's request for substitute service on three unserved Defendants (Doc. No. 86), is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: April 19, 2018

SENIOR DISTRICT JUDGE