# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHDU SAMEER,<br><br>          **Plaintiff**<br>      v.<br><br>**RIGHT MOVES 4 U; MICHELLE FRANKLIN; DYLAN CORTINA; XO MOVING SYSTEMS; CONROY REMOVALS; FIONA CONROY; MONICA MCKINLEY; TALBOT UNDERWRITING RISK SERVICES; SHIPCO TRANSPORT; and DOES 1-43,**<br><br>          **Defendants** | **CASE NO. 1:17-CV-886 AWI-EPG**<br><br>**ORDER DISMISSING PLAINTIFF'S THIRD AMENDED COMPLAINT FOR FAILURE TO FOLLOW A PREVIOUS COURT ORDER**<br><br>(Doc. No. 93) |

    This dispute arises from the Defendants' alleged failure to deliver Plaintiff's personal possessions from her former residence in Fresno, CA to her current residence in New Zealand. Plaintiff's 110-page Second Amended Complaint ("2AC") sought to allege multiple claims under the Racketeer Influenced and Corrupt Organizations Act" ("RICO"), as well as multiple California state law claims. *See* Doc. No. 13. In the Court's Order on Plaintiff's Motions (the "Dismissal Order," Doc. No. 87), Plaintiff's 2AC was dismissed for failure to provide a "short and plain statement" under Rule 8 of the Federal Rules of Civil Procedure. Plaintiff, a *pro se* litigant, was granted leave to amend in order to cure the Rule 8 defects, address other violations of the Court's Local Rules, and fit her complaint into the Court-imposed page limit of 50 pages. *Id*.

    Plaintiff has filed her Third Amended Complaint ("3AC"), which also substantially fails to proffer a "short and plain statement" of her claims. *See* Doc. No 93. For the reasons that follow, Plaintiff's 3AC will be dismissed with prejudice.

### A. Failure to Provide a Short and Plain Statement

*Legal Standard*

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he 'short and plain statement' must provide each defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff's complaint must contain facts to "state a claim to relief that is plausible on its face," allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that consist "largely of immaterial background information" are subject to dismissal under Rule 8. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). A Rule 8 dismissal is allowed even if "a few possible claims" can be identified and even if the complaint is not "wholly without merit." *Id.* at 1179 (stating Rule 8's requirements apply "to good claims as well as bad"). Complaints that fail to comply with Rule 8 "impose unfair burdens on litigants and judges" who "cannot use [such] complaint[s]" and "must prepare outlines to determine who is being sued for what." *Id.* at 1179–80. "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Bautista v. L.A. Cty.*, 216 F.3d 837, 841 (9th Cir. 2000).

*Analysis*

The core of the Court's Dismissal Order concerned Plaintiff's failure to proffer a short and plain statement of her RICO allegations in her 2AC. *See* Doc. No. 87. Therein, the Court informed Plaintiff that in a RICO action, a plaintiff must allege the following: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017); 18 U.S.C. § 1962. An "enterprise" includes "any individual, partnership,

corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). A "pattern" requires the commission of at least two acts of "racketeering activity" within a ten-year period. 18 U.S.C. § 1961(5). Racketeering activities are also known as "predicate acts" under 18 U.S.C. § 1961. *Eller v. EquiTrust Life Ins. Co.*, 778 F.3d 1089, 1092 (9th Cir. 2015); *see also United States v. Turkette*, 452 U.S. 576, 582 (1981) ("The enterprise is an entity[.] The pattern of racketeering activity is, on the other hand, a series of criminal acts as defined by the statute.").

Applying Rule 8, the Court found Plaintiff's 2AC to be neither short nor plain:

> The 110-page 2AC contains 32 causes of action, as read from the section headers. 24 of these main headings allege RICO violations, many of which are lodged against "all Defendants," and most of which contain multiple subsections apparently alleging additional RICO claims.
>
> Plaintiff does list nine predicate acts under federal law, in a section preceding her "causes of action," but then fails to mention these in most of her 22 RICO causes of action, instead citing back to, *inter alia*, the general RICO statute, other federal laws (sometimes completely irrelevant to her cause of action), California state law and various Restatements of the Law. Many of Plaintiff's claims appear duplicative, and though Plaintiff includes almost 300 paragraphs of factual allegations, it is near impossible to connect these facts to the elements of Plaintiff's claims.
>
> The remaining eight "causes of action" appear to be styled as alleged violations of California common law: breach of contract, breach of duty of care, breach of fiduciary duty/conspiracy, equitable/promissory estoppel, unjust enrichment, negligent misrepresentation, intentional misrepresentation, and "unfair competition." Many of these sections, however, also have multiple sub-claims, each of which cites to various sources of law seemingly unrelated to the designated claim—some cite to the Restatements, some to wholly irrelevant statutes (i.e. 29 U.S.C. 1109, governing fiduciary duties for employee benefits). Many cite back to the RICO statute, leaving the Court with the impression that Plaintiff is attempting to use California common law as a predicate offenses for additional RICO claims.

*See* Doc. No. 87, pp. 5-6. The Court concluded that "the 2AC's incomprehensibility prevents this Court (and Defendants) from deciphering the factual and legal basis for each Defendant's alleged liability[;]" the Court granted Plaintiff leave to amend. *See Id*. p.6.

Plaintiff's 3AC, while slightly reformed, still fails to comply with Rule 8 at its most basic level. The 3AC contains seven "counts", where Plaintiff divides the Defendants into individual

entities or smaller sub-groups—the Court assumes this is Plaintiff's attempt to individualize her allegations in the "counts" section to each Defendant, instead of alleging claims against "all Defendants" (as was the case in the 2AC). *See* Doc. No. 93, at pp. 42-48. However, each "count" then incorporates by reference and refers back to the body of the 3AC, where Plaintiff sets forth no less than twenty-four sub-sections of what appear to be attempts to detail predicate acts. *See Id*. These sections are so multifarious as to still remain incomprehensible; two such examples are styled as follows:

- Intentional – Breach of Contract/Breach of Third Party Contract/Breach of Fiduciary Duty/Tortious Interference-in aid of Racketeering enterprises (18 USC 1962 (c); (d); 18 USC 1341; 18 USC 1343; 18 USC 1346; 18 USC 1349); Restatements (Second) of Contracts (1981) Sec. 241 et. seq.; Restatement (Second) of Torts-Sec. 874, 875, 876, 766; Restatement (Third) of Agency (2006) sec. 6.05; 7.01, et. seq., 801, et. seq.

- Deprivation of Civil Rights (18 USC 1962 (d); 18 USC 1341; 18 USC 1343; 18 USC 1346; 18 USC 1349; Federal Constitutional law, Article 1 Section 10; Bill of Rights – First, Fifth, and Fourteenth Amendment); 42 USC 1981; 42 USC 1982; 42 USC 1985 (3); 42 USC 1986; 42 USC 1988 (a)-(c ).

*See Id*. Each of these sub-sections contains a few paragraphs of factual allegations (and some seemingly-conclusory statements) about "defendants'" behavior, but do not appear to come close to matching up with the breadth of the multiple citations to law contained in each sub-section. Like the Court held in its Dismissal Order concerning the 2AC, "courts should not have to outline a plaintiff's complaint in order to find comprehensibility." *Cafasso*, 637 F.3d at 1079-80.

Additionally, Plaintiff many other paragraphs appear to be restyled versions of Plaintiff's previous attempts to allege violations of California state law. *See* 3AC, at pp 23-27. The Court still cannot gauge how Plaintiff intends to incorporate by reference these sections, either as RICO or state law acts. For example, the following headers are denoted as "Non Predicate Acts":

- Intentional Infliction of Emotional Distress (18 USC 1962 (d); 18 USC 1341; 18 USC 1343; 18 USC 1346; 18 USC 1349; Restatement (Second) of Torts, Sec 46;

- Unjust Enrichment 18 USC 1962(c ), (d); 18 USC 1341; 18 USC 1343; 18 USC 1346; 18 USC 1349; Restatement (Third) of Restitution & Unjust Enrichment, Restatement (Third) of Agency, Sec 2.047, 4.08, 5.04.

*See Id.* These sections, scattered throughout the 3AC, are again followed by allegations that do not appear to conform to the legal citations in the headers, either under Federal or State law. Like the so-called "Predicate Acts", these numerous paragraphs also fail provide any of the Defendants with fair notice of what Plaintiff's claims are and the grounds upon which each claim rests. *Dura Pharms.,* 544 U.S. at 346; *Cafasso*, 637 F.3d at 1059 ("Complaints that are argumentative, prolix, replete with redundancy, and largely irrelevant" and that consist "largely of immaterial background information" are subject to dismissal under Rule 8.).

Finally, the Court cannot decipher the factual basis for Plaintiff's damages estimation, alleged to be over the implausible figure of $3 million, and questions her seemingly conclusory allegations of enterprise and that unnamed "others" have experienced the same harms from these Defendants. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678, *Chaset v. Fleer/Skybox*, 300 F.3d 1083, 1087 (9th Cir. 2002) ("Congress enacted RICO to combat organized crime, not to provide a federal cause of action and treble damages for personal injuries.").

The Court's conclusion regarding Plaintiff's 3AC is the same as with 2AC: its prolixity and incomprehensibility prevents the Court (and Defendants) from deciphering the factual and legal basis for each Defendant's alleged liability. *See Cafasso*, 637 F.3d at 1059 ("Rule 8(a) has 'been held to be violated by a pleading that is needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'") (quoting 5 Federal Practice & Procedure § 1217 (3d ed. 2010)); *see also Clayburn v. Schirmer*, 2008 WL 564958, at *4 (E.D. Cal. Feb. 28, 2008) ("The court and any defendant should be able to read and understand Plaintiff's pleading within minutes."); *Little v. Baca*, 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013) (finding that unclear pleadings "leav[e] it to the Court to figure out what the full array of [the plaintiff's] claims are and upon what federal law, and upon what facts, each claim is based."). Hence, the 3AC must be dismissed. *See Cafasso*, 637 F.3d at 1059 (dismissing the "overly burdensome" amended complaint per Rule 8); *Stone v. Baum*, 409 F.Supp.2d 1164, 1173 (D. Az. Dec. 20, 2005) (dismissing under Rule 8 where 64-page complaint made no attempt to link alleged violations of numerous predicate acts to defendants, and pleaded in conclusory and vague fashion so that court and defendants could not discern conduct in question).

*B. Dismissal with Prejudice is Appropriate under Rule 41*

<u>*Legal Standard*</u>

A complaint which fails to comply with a court order may be dismissed with prejudice as a sanction. *See* Rule 41(b). "Although that rule appears to contemplate that dismissal will be precipitated by a motion from the opposing party, a court may act *sua sponte* under Rule 41(b)." *Forte v. County of Merced*, 2014 U.S. Dist. LEXIS 133826, *31, 2014 WL 4745923 (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). The Ninth Circuit has upheld such dismissals pursuant to a district court's order for a plaintiff to follow Rule 8(a). *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981); *see also Knapp v. Hogan*, 738 F.3d 1106, 1111 (9th Cir. 2013) ("Complaints that are filed in repeated and knowing violation of Federal Rule 8's pleading requirements are a great drain on the court system, and the reviewing court cannot be expected to fish a gold coin from a bucket of mud."); *Johnson v. KHS&S Contractor*, 2011 U.S. Dist. LEXIS 65215, at *2 (E.D. Cal. Jun 20, 2011) ("[A] district court may impose sanctions, including involuntary dismissal of a plaintiff's case with prejudice pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders.") (collecting cases)).

In considering whether to dismiss a case under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

<u>*Analysis*</u>

Considering the above factors, only the fourth counsels against dismissal of this case with prejudice, and this factor is drastically outweighed by the remaining factors. In the time since Plaintiff filed her first complaint, she has amended three times to date, and until the Courts admonition in the Dismissal Order, continued to inordinately expand her claims both in scope and litigants. Plaintiff twice served the wrong party, despite the apparent clear instructions for service listed on her insurance certificate, causing these former parties to file motions to dismiss. Plaintiff

1 has also filed numerous motions that border on frivolity—some of which were over 500 pages in length and one of which seemingly requested the Court enjoin the order of a New Zealand court. In short, Plaintiff's acts in pursuing her case cut against the public's interest in expeditious resolution of the case, the court's ability to manage its docket, and the risk of prejudice to the defendants. *Ferdik*, 963 F.2d at 1260-61.

Despite these ongoing problems, however, the Court granted Plaintiff's motion to amend her complaint. *See* Doc. No. 87. The Court expressly stated that upon filing her 3AC, Plaintiff "must comply with the Rules of Civil Procedure, most importantly Rule 8(a)'s requirement of a 'short and plain' statement of the claim and the facts showing that Plaintiff is entitled to relief." *See* Id., p. 8. The Court warned that "[u]nless Plaintiff is able to clarify her allegations in the [3AC], this would demonstrate to the Court the futility of additional future amendment, and go towards a showing of prejudice to defendants and interference with judicial process." *Id*. The Court concluded by stating: "[f]ailure to comply with these commands may result in additional sanctions, including *sua sponte* dismissal of the action without further comment or, potentially, dismissal of the action *with prejudice*." *Id*. Despite the Court admonishing Plaintiff on Rule 8 admonition, as well as providing her with guidance on the pleading standards for a RICO claim, she has failed to proffer a "short and plain statement" in her 3AC. The current complaint is verbose and confusing, irrelevant in parts, argumentative, prolix, replete with redundancy. *See* Section A, *supra*. In the Dismissal Order, the Court also ordered Plaintiff to adhere to the Court's Local Rules concerning formatting (L.R. 130), and imposed a page limit to further indicate the need for a "short and plain statement." While Plaintiff did decrease her page count, she did so partially at the expense of the page margins and spacing (in part). *See* Local Rule 130(a), (b), and (c). By the Court's estimate, Plaintiff's 3AC significantly extends beyond the page limit imposed once forced to conform to the Court's formatting rules. At best, this violation further highlights Plaintiff's failure to proffer a "short and plain statement" of her claims. These findings lead the Court to conclude that Plaintiff will be unable to meet Rule 8's pleading standards, and no less drastic alternative is available.

/ / /

Plaintiff has previously expressed her concern that, as a *pro se* litigant, she is unaware of how to properly plead a complaint. However, the Court notes Plaintiff originally filed this action in July of 2017, has amended three times, and has had numerous procedural issues throughout, including service of incorrect parties. In short, if Plaintiff intended to procure the services of an attorney to correct for her apparent inability to conform to the Federal Rules, she could have done so by now. Plaintiff's *pro se* status does not excuse her from conforming her pleadings and motions to the Rules of Civil Procedure and the Court's Local Rules. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (Although the court must construe pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants."); *see also* Local Rule 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.").

Thus, it is clear that Plaintiff's inability to conform to the tenets of Rule 8 and the Court's order, as previously discussed, counsels dismissal of her case with prejudice. *Cf. McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) (affirming district court's dismissal with prejudice under Rule 41(b) due to plaintiff's violation of general pleading rules and court's prior orders requiring short, clear statement of claims sufficient to allow defendants to prepare responsive pleading, where 53-page third amended complaint was written more as a press release and failed to obey court's prior orders to identify which defendants were liable on which claims); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) (affirming a Rule 41(b) dismissal of a "verbose, confusing, and almost entirely conclusory" complaint, after previously allowing amendment, because there was little reason to think that an additional opportunity would yield different results); *with Hearns v. San Bernadino Police Department,* 530 F.3d 1124 (9th Cir. 2011) (reversing *sua sponte* dismissal under Rule 41(b) where complaint was not "replete with redundancy and largely irrelevant." (citing to *McHenry*, 84 F.3d at 1132)) *see also Bryant v. City of Tulare*, 2017 U.S. Dist. LEXIS 23174, *10 (E.D. Cal. Feb 7, 2017) (dismissing a multifarious RICO complaint with prejudice where the complaint referenced predicate acts such as "wire fraud" or "mail fraud", but failed to

clearly establish these predicates in her facts, failed to adequately allege an enterprise, and made conclusory allegations as to damages); *Wright v. United States*, 2015 WL 3902798, at *1 (N.D. Cal. June 24, 2015) (dismissing *sua sponte* after the plaintiff failed to assuage the court's concerns regarding the complaint's failure to follow Rule 8); *KHS&S Contractor*, 2011 U.S. Dist. LEXIS 65215, at *2.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Third Amended Complaint (Doc. No. 93) is DISMISSED WITH PREJUDICE;
2. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   May 22, 2018   _____
                                                  SENIOR DISTRICT JUDGE