# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MAHDU SAMEER,**<br><br>    **Plaintiff**<br>  v.<br><br>**RIGHT MOVES 4 U; MICHELLE FRANKLIN; DYLAN CORTINA; XO MOVING SYSTEMS; CONROY REMOVALS; FIONA CONROY; MONICA MCKINLEY; TALBOT UNDERWRITING RISK SERVICES; SHIPCO TRANSPORT; and DOES 1-43,**<br><br>    **Defendants** | **CASE NO. 1:17-CV-886 AWI-EPG**<br><br>**ORDER DENYING PLAINTIFF'S "REQUEST FOR RECONSIDERATION"**<br><br>(Doc. No. 96) |

On May 22, 2018, this Court dismissed Plaintiff's complaint with prejudice under Rule 41(b) on the grounds that Plaintiff failed to follow a previous court order instructing her to conform her pleadings to Rule 8's "short and plain statement" standard. *See* Doc. No. 95. That same day, Plaintiff filed a "Request for Reconsideration." See Doc. No. 96.

Federal Rule of Civil Procedure 59(e) provides a mechanism for a court to reconsider and alter or amend a prior order. *See* Fed. R. Civ. Pro. 59(e); *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 883 n.6, 890 (9th Cir. 2000); *see also Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) ("[A] motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment."). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121

(9th Cir. 2014); *Kona Enters.*, 229 F.3d at 890. Rule 59(e) amendments are appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Wood*, 759 F.3d at 1121; *Kona Enters.*, 229 F.3d at 890. This standard is a "high hurdle." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Rule 59(e) motions "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890.

In Plaintiff's "Request for Reconsideration," she makes no argument as to "newly discovered evidence" or "intervening change in the law," and makes no credible showing indicating the Court "committed clear error" or the dismissal with prejudice was "manifestly unjust." *Wood*, 759 F.3d at 1121; *Kona Enters.*, 229 F.3d at 890. Plaintiff's motion appears to aver the same arguments previously made concerning her belief in the strength of her case and her status as a *pro se* litigant; reconsideration is not available to a party who makes the same arguments previously made. *Id.*; *see also Walsh v. Hagee*, 316 F.R.D. 1, 2 (D.D.C. 2014) (finding relief from judgment unavailable under Rule 59(e) where the plaintiff raised the same arguments previously raised, thereby failing to show intervening change in controlling case law, new evidence, or need to correct clear error). Further, the Court's again notes the Order dismissing Plaintiff's case with prejudice was based on her failure to proffer a "short and plain statement," despite the Court's prior guidance and grant to Plaintiff to amend. *See* Doc. No. 95.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's "Request for Reconsideration" (Doc. No. 96) is DENIED.

IT IS SO ORDERED.

Dated: May 23, 2018

                                                                 SENIOR DISTRICT JUDGE